JOHN L. HEBRON *v.* J. R. YERGER ET AL.

LIMITATION OF ACTIONS. *Sale of land under decree against vendor. Vendee purchasing to remove encumbrance. Suit for re-imbursement.*

J. having conveyed to W., as trustee for R., wife of the former, a certain tract of land, the trustee, in consideration of a price paid the *cestui que trust*, joined with J. and R., who warranted the title in a conveyance of the land to H. The latter received possession of the land, and sometime thereafter judgment creditors of J. obtained a decree in chancery subjecting it to payment of their debts, as being a charge upon it prior to the conveyance through which H. derived title. The land was sold under that decree and was bought by H., who bid and paid the full amount due on the decree and the costs of the suit. More than six years after such purchase and payment, but in less than six years after the confirmation of the sale, H. brought an action to recover of J. and R. the amount thus paid out, with interest. The defendants pleaded the six years' statute of limitations. The plaintiff demurred, and contended that his right of action did not accrue till the confirmation of the sale. *Held,* that though the transaction was in form a purchase, it was substantially the discharge of an encumbrance on the land, and the right of action accrued as soon as the decree was paid, confirmation of the sale not being material to the rights of any of the parties interested.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

On the 26th of March, 1879, W. G. Yerger, as trustee of the legal title, together with Rebecca Yerger, the *cestui que trust*, and her husband, James R. Yerger, executed to John L. Hebron a deed of conveyance of a certain tract of land, in consideration of $7,500 in cash, paid to Rebecca Yerger. The deed contained this covenant of title : " Said W. G. Yerger, trustee, etc., makes this conveyance on request of said Rebecca Yerger, and conveys the title vested in him as trustee only, and no other. Said J. R. Yerger and Rebecca Yerger, however, covenant to warrant and defend the title to said lands."

James R. Yerger had owned this land, and had conveyed the title thereof to W. G. Yerger, for the benefit of his wife. And on 9th of June, 1879, M. Muldoon and others, judgment creditors of James R. Yerger, filed a bill in the United States Circuit Court for the Southern District of Mississippi, against James R. Yerger, Rebecca Yerger, W. G. Yerger and John L. Hebron, for the purpose of establishing liens against this land for the debts due complainants by James R. Yerger, and to subject the land to sale for payment of such debts. All of the parties defended the suit except W. G. Yerger. But, on the 4th of November, 1880, the court rendered a final decree, declaring the land " liable to sale for payment of said debts," the amount of which was fixed at $3433.64, and directing that, in default of payment of such sum, with costs of the suit, at a specified time, the commissioner appointed by the decree should sell the land and pay off the debt and costs of suit charged against it. Payment of the money due upon this decree was not made within the time allowed therefor by the decree, and the commissioner, in pursuance of the direction of the decree, sold the land, and John L. Hebron purchased the same, and on the day of the sale paid the full amount of debt and court costs ($3702.96) due upon the decree. The commissioner executed to Hebron a deed, dated February 1st, 1882. The sale was confirmed on the 8th day of February, 1882.

On the 21st of December, 1887, John L. Hebron filed the declaration in this case, setting forth the facts above stated, and

demanding judgment for the $3,702.96 paid by him as stated above, with interest thereon.

The defendants, in their sixth plea, set up as a defence to the action, "That at the time of the sale of the land under the decree of the Circuit Court of the United States for the Southern District of Mississippi, the plaintiff was in possession thereof under and by virtue of a deed from the defendants and one W. G. Yerger, and had been in possession thereof for several years anterior to said sale; that the said plaintiff was then the owner, and in possession of the land, subject to the lien of the said decree of the Circuit Court of the United States, and on the 10th day of January, 1881, he was in possession, and paid to one Marcellus Green, attorney for the complainants, the sum of money demanded in the declaration; and that his right of action, if any, accrued on the 10th day of January, 1881. So the defendants say that more than six years lapsed from the payment of the said sum of money to the institution of this suit."

The defendants demurred to this plea, on the ground that the plaintiff's right of action did not accrue till the confirmation of the sale under the decree in the Circuit Court of the United States, on the 8th of February, 1882, and, therefore, was not barred by the six years' statute of limitations. The demurrer was overruled. Judgment final was rendered in favor of the defendants, and the plaintiff appealed.

*Brame & Alexander*, for the appellant.

The errors assigned by appellant involve the question as to whether the statute of limitations began to run from the date of payment of the bid by Hebron to the commissioner, or from the date of confirmation of the sale when his deed was ordered to be delivered to him by the court.

Our own Supreme Court has repeatedly emphasized the doctrine that the sale by a commissioner is incomplete until. confirmation. We find no cases to the contrary. See *Martin* v. *Kelly*, 59 Miss., 652; *State* v. *Cox*, 62 Miss., 786; *Fearing* v. *Shafner*, 62 Miss., 791; *Pool* v. *Ellis*, 64 Miss., 555.

The circuit judge obviated the force of these decisions by. holding that while the sale was inchoate until confirmation, yet, the confirmation had *relation back* to the date of purchase.

It is, of course, true that confirmation relates back, so as to cut out intervening rights and incumbrances, *pendente lite*, but to speak of it as conferring a right of action and relating this right of action back to a certain date is an absurdity. Any attempt to apply such a principle will demonstrate this : The purchaser cannot sue until confirmation; he must wait till then to know if he has a cause of action ; his right to sue is in abeyance until confirmation, but *then* he *acquires* the right to sue, but finds that the statute of limitations has been running against this right, now for the first time acquired. Such a position is certainly not the correct one.

In the cases, *The State* v. *Cox*, *Fearing* v. *Shafner*, and *Martin* v. *Kelly*, the court held that the confirmation did *not relate back*, so as to validate a proceeding prematurely begun.

*C. H. Alexander*, of counsel for the appellant, argued the case orally.

*Nugent & McWillie*, for the appellees.

We treat this as an action of *assumpsit*, without reference to the form of pleading, which is sufficient under our very liberal statute. To maintain it there must be evidence of a promise, either express or implied. There is no express engagement. There must, therefore, be an *implied promise* growing out of the warranty of title and the existence of superior or paramount liens when the deed was executed, and which the vendor was forced to discharge. The covenantor was bound in equity and good conscience to lift these liens ; he failed to do so. The covenantee was compelled, by operation of law, to pay them in order to preserve the warranty. The law, therefore, out of these facts fixes an implied promise on the covenantor to reimburse his covenantee. If there was such implied promise, it could only grow or arise out of the facts stated, and was not at all dependent on anything thereafter to occur. It was not an *inchoate* promise, resting in part upon the subsequent action of the court or its commissioner. They were not in any way connected with the undertaking. The payment by appellant for appellee impressed upon the latter by implication the promise on which the former must rely for redress. If, as between these two, there existed such implied contract relations, entitling the

one, then and there, to call upon the other for the sum expended, the right of action was complete. The money had been paid in exoneration of the estate to the parties entitled to it under the judgment or decree of a court of competent jurisdiction, and was beyond recall.

*Ticonic Bank* v. *Smiley*, 14 Am. Dec., 593; *Blethen* v. *Lovering*, 58 Me., 437; *Persons* v. *Jones*, 12 Ga., 371; *Ponder* v. *Carter*, 12 Ired. L., 242; *Scott* v. *Nichols*, 27 Miss., 94; *Odlin* v. *Greenleaf*, 3 N. H., 270; *Ward* v. *Henry*, 5 Conn., 596; *Gibbs* v. *Bryant*, 1 Pick., 118.

The title acquired at the sale by the appellant was of no advantage to him whatever, and whether it was confirmed or not is a matter of no importance. Suppose there had been no report of sale at all, and the matter rested only on the fact of the money having been paid by the appellant, could it be contended that he had no redress whatever? If he would have, despite this, a full and complete right of action there can be no doubt that the statute of limitations would begin to run from the day of payment, for there would *then* arise the *implied promise to refund.* The fact of payment for the covenantor who had failed to keep his *implied covenant* is the basis of the right to sue; it created or gave rise to the right to institute the equitable action of assumpsit upon the implied promise, and, therefore, the statute began to run from that day. *Hamilton* v. *Hamilton's ex'ors,* 55 Am. Dec., 585; *Thomas* v. *White*, 14 Am. Dec., 56; *Miller* v. *Eskridge*, 1 Ired. L., 147.

*W. L. Nugent,* of counsel for the appellees, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court.

A right of action accrued to Hebron as soon as he discharged the incumbrance on the land, and he was not bound to wait until his purchase at the sale was confirmed, as would have been the case if his claim was based on an investiture in himself of the title of the land by his purchase. His claim is for reimbursement of money expended to discharge an incumbrance fastened on the land by the decree; and as soon as the decree was paid his right of action accrued. The form of the

transaction was a purchase of the land; but the substantial thing was the discharge of a claim. Confirmation by the court of the sale was not material. No one could have objected to it, as no one was interested in it. The creditors were paid and satisfied. Hebron was purchaser, and the Yergers had sold and warranted the land to Hebron; so that, whether it brought little or much, or was fairly or unfairly sold, did not concern them. The real parties were those entitled by the decree to the money and Hebron; and neither could complain of the sale or had any interest in it after the money was paid and received.

Therefore, confirmation of the sale was not necesaary, as no rights depended on it.

The defence of the statute of limitations was rightly sus. tained.

*Affirmed.*